UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HICKS,<br><br>    Plaintiff,<br><br>v.<br><br>M. BOBBALLA, et al.,<br><br>    Defendants. | No. 2:15-cv-1332-EFB P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983,[1] requests leave to proceed in forma pauperis. He concedes that he is a three strikes litigant pursuant to 28 U.S.C. § 1915(g).[2] ECF No. 1 at 1. Because plaintiff does not qualify for the exception to § 1915(g), his application to proceed in forma pauperis must be denied and this action dismissed.

/////

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] Court records confirm that plaintiff has been designated a three strikes litigant. *See Hicks v. Virga*, No. 2:11-cv-405-MCE-CMK (E.D. Cal. Apr. 20, 2011).

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement).

Plaintiff's complaint does not show that he faced an imminent danger of serious physical injury at the time of filing. He alleges that a physical therapist recommended he receive cervical traction physical therapy three times a week for his cervical spondylosis. The physical therapist apparently noted that plaintiff's condition, which causes pain, neck stiffness, and intermittent immobility to the left arm, was unlikely to improve without the therapy. Plaintiff alleges that he has received physical therapy at least once a month for the three months preceding the filing of his complaint. Although plaintiff complains of the pain and discomfort caused by his condition, and describes his physical therapy as "minimal," it does not appear as though he faced an ongoing or imminent danger of serious physical injury when he filed the complaint. *See Oden v. Cambra*, C 97-3898-SI, 1999 U.S. Dist. LEXIS 4233, at *11 (N.D. Cal. Mar. 30, 1999) ("doctors (inside and outside of prisons) are not guarantors of pain-free living for their patients. There may be conditions . . . that will result in some pain regardless of what a doctor does"); *Villegas v. Cate*, 1:10-cv1916-AWI-SKO, 2012 U.S. Dist. LEXIS 171, at *8 (E.D. Cal. Jan. 3, 2012) ("There are certain medical conditions with no end-cure and for which it is impossible to achieve a pain-free or symptom-free status."); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("It would be nice if after appropriate medical attention pain would immediately cease, its purpose fulfilled; but life is not so accommodating. Those recovering from even the best treatment can experience

pain."). Thus, the imminent danger exception does not apply. Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is denied; and
2. This action is dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

DATED: October 19, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3